(140 App. Div. 235.)

PEOPLE ex rel. McCLINCHIE v. PRENDERGAST, City Comptroller.

(Supreme Court, Appellate Division, Second Department. October 20, 1910.)

1. MUNICIPAL CORPORATIONS (§ 980*)—TAX SALES—RIGHT TO SURPLUS.

Brooklyn City Charter (Laws 1888, c. 583) tit. 8, § 4, as amended by Laws 1894, c. 580, requires the registrar of arrears to cancel on the records of his office all tax sales where no deed has been delivered within ten years from the date of the sale. Section 6 requires him to deposit the money with the city treasurer, and provides that the surplus shall be held for and paid over to the person legally entitled, upon establishing his rights thereto. Section 5 provides that, in case of redemption, payment of the sum paid on the sale, including the surplus, shall be made. *Held*, that the assignee of the purchaser's certificate at a tax sale was entitled to the surplus upon failure to redeem.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2133; Dec. Dig. § 980.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MANDAMUS (§ 119*)—TAX SALES—CANCELLATION.

Since the purchaser has the right to have the records show that the sale has been canceled because no deed was given so as to transfer a right to the surplus to the owner of the land, the purchaser's assignee of the certificate of sale may maintain mandamus to compel the cancellation of the sale.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 251–253; Dec. Dig. § 119.*]

3. MANDAMUS (§ 151*)— TAX SALES — PROCEEDINGS TO CANCEL — PARTIES — MAYOR.

Since by Greater New York Charter (Laws 1901, c. 466) § 1587, the chamberlain is the custodian of the surplus paid at a tax sale in Brooklyn city, by virtue of being the successor to the treasurer of the county of Kings, under section 149, requiring all payments on behalf of the corporation, to be made through the proper disbursing officer of the department of finance, by warrants drawn on the chamberlain by the comptroller, and countersigned by the mayor, in mandamus by the purchaser's assignee of tax sale certificates, to compel the payment of the surplus, the mayor must be made a party.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 292; Dec. Dig. § 151.*]

Appeal from Special Term, Kings County.

Mandamus by the People on the relation of Alexander McClinchie against William A. Prendergast, as Comptroller of the City of New York, to compel the cancellation of tax sales and a payment of the surplus to relator. From an order granting the relief prayed, defendant appeals. Affirmed and modified.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and THOMAS, JJ.

James D. Bell, for appellant.
Wilmot L. Morehouse, for respondent.

THOMAS, J. In 1895 and 1896, lands in Brooklyn were sold for unpaid taxes, at sums that left a surplus of $454, and this action is by the assignee of the certificates of sale to compel the comptroller to cancel the sales and to pay him such surplus and accumulated interest. No notice of sale was served on the owner. No deed has been given, or can be given, after the expiration of 10 years, and under section 4, tit. 8, Brooklyn Charter (Laws 1888, c. 583, as amended by Laws 1894, c. 580), it was the duty of the registrar of arrears "to cancel on the records in his office all such sales where no deed shall have been delivered within ten years from the date of sale." Section 6 provides that the registrar of arrears shall deposit the money with the treasurer of the city of Brooklyn, and that the surplus "shall be held for the use of, and paid over to, the person legally entitled, upon his establishing his rights thereto." Who is such person in the present case? Certainly not the city. The owner of the land has it, and, as all rights to it pursuant to the tax sale have ceased by limitation of time, his title and enjoyment is freed from disturbance. The purchaser has assigned the certificates, and, although they had ceased to be liens on the land, they carried to the assignee the purchaser's rights under the sale. Section 5 provides that, in case of redemption, payment of the sum paid on

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the sale, with certain additions, shall be made. This includes the sur-plus. Such payment must be made to the person entitled, if redemption be not had, to take the land. Such person is the holder of the certificate. Hence the certificate carries the title to the surplus upon failure to redeem.

But the defendant urges that the remedy is by action to recover judgment preliminary to mandamus to compel the comptroller to pay, and that relator has not such status as enables him to compel cancellation of the certificates. The intention of the statute is that at the expiration of 10 years the right of the purchaser to take the land or of the owner to redeem it shall expire; that is, that the sale shall be in-effective to convey title, that the surplus shall be returned to the purchaser or his assigns or successors in ownership, and that the record shall show that all rights under the sale are closed. The landowner has an interest in compelling cancellation of the sale, as the record is a cloud on his title to the land, and the purchaser has an interest, as the transaction leaves in apparent doubt his right to the surplus. It is true that after the 10 years the owner cannot redeem, but within that time he is entitled to the surplus, if the purchaser gives notice of the sale and the time to redeem thereupon shall have expired. The purchaser has the right to have the record show that the sale has been canceled, because no deed has been given, and no right to the surplus transferred thereby to the owner of the land. In such way the purchaser's title to the surplus is evidenced. It is considered that, as regards the cancellation of the certificate, the relator is entitled to remedy by mandamus. But the chamberlain is the custodian of the money, inasmuch as he is the successor to the treasurer of the county of Kings. Greater New York Charter (Laws 1901, c. 466) § 1587. Section 149 of the Charter requires that:

"All payments by or on behalf of the corporation, except as otherwise specially provided, shall be made through the proper disbursing officer of the department of finance, on vouchers to be filed in said department, by means of warrants drawn on the chamberlain by the comptroller, and countersigned by the mayor."

The petitioner is entitled to the money; but, as the mayor has not been made a party, the order must be modified, so as to deny the writ for the payment of the money, and, as so modified, the order is affirmed, without costs. All concur.